UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOSES VELASQUEZ,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:21-1659** |
| **v.** | : | **(JUDGE MANNION)** |
| **TINA M. LITZ, WARDEN, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

### I. BACKGROUND

On September 13, 2021, Plaintiff, Moses Velasquez, an inmate currently confined at the Lebanon County Correctional Facility ("LCCF"), Lebanon, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). The named Defendants are the following LCCF employees: Tina M. Litz, Warden; Timothy Fierro, Officer; Juan Lopez, Officer; and Bradley Starry, LCPL. Id.

By Order dated September 23, 2021, the Eastern District transferred the action to the Middle District Court (Doc. 5), where it was received and filed on September 29, 2021. (Doc. 6). Velasquez seeks to proceed *in forma pauperis*. (Doc. 7).

On October 20, 2021, Plaintiff filed an amended complaint. (Doc. 9). The named Defendants are Eva Fouchet, the Lebanon County Police Department, and the Lebanon County Court Administrator. Id.

For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the action will be dismissed pursuant to 28 U.S.C. §1915(e).

## II. STANDARDS OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §1915(e)(2)(B) and §1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013).

In dismissing claims under §§1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under §1915A(b)(1), §1915(e)(2)(B)(ii), or §1997e(c)(1) is the same as

that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to §1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed.R.Civ.P. 12(b)(6) standard to dismissal for failure to state a claim under §1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' Iqbal, 556 U.S. at 679, 129 S.Ct. 1937." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Velasquez proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## III. ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff states that "Eva Fouchet made a false report of an overdose and false accusations to 911, causing the agency to think [Plaintiff] needed immediate medical attention." (Doc. 9). As a result, Officer Ryan Adams from the Lebanon County Police Department "came into the residence due to the false accusations." Id. Plaintiff "told the officer that [he was] not overdosing and [he] didn't need any medical attention." Id. Plaintiff claims that as a result he was issued "false charges." Id.

The Court takes judicial notice that Plaintiff is currently awaiting trial on one count of possession of a controlled substance and one count of use or possession of drug paraphernalia. See Commonwealth v. Velasquez, CP-38-CR-0001701-2020, Criminal Docket Sheet.

On February 12, 2021, Plaintiff's trial counsel filed a pre-trial motion to suppress evidence. Id. By Opinion and Order dated July 29, 2021, the trial court denied Plaintiff's motion to suppress. Id.

Plaintiff files the instant action challenging the trial court's denial of his motion to suppress, claiming there was a false report of an overdose and because there were no exigence circumstances "the warrantless entry and search are found to be unreasonable". (Doc. 9). He claims that "the court and Commonwealth are working against [him]." Id. For relief, Plaintiff seeks "an injunction ordering [his] immediate release", as well as compensatory and punitive damages for unlawful restraint and emotional distress. Id.

## IV. DISCUSSION

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to the standards announced in Georgevich and Edwards, Plaintiff's present apparent claim of illegal confinement are not properly raised in a civil rights complaint. Accordingly, those type claims will be dismissed without prejudice to any right Velasquez may have to pursue said allegations *via* a federal habeas corpus petition.

Furthermore, it appears that Velasquez is challenging the legality of an ongoing Lebanon County criminal proceeding. In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state

interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.[1]

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under 28 U.S.C. §2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, 1993 WL 239311 *3 (E.D. Pa. June 28, 1993).

There are no assertions by Plaintiff which suggests that he and his defense counsel cannot litigate the merits of his present claims in his ongoing state criminal proceedings. This civil rights action does not raise the type of extraordinary circumstances contemplated under Younger. Thus, intervention by this Court in any ongoing state criminal proceedings in Lebanon County is not warranted at this juncture. Abstention is required in this case out of deference to the integrity of the state judicial process.

[1] Exceptions to Younger abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing Lebanon County prosecution/confinement. There is no indication that Velasquez has successfully challenged either his arrest and/or any resulting conviction or the length of his ongoing incarceration.

Consequently, pursuant to Heck, Velasquez' amended complaint, to the extent that it seeks an award of monetary damages on the basis of illegal confinement, is premature, because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

Based on the foregoing, Velasquez' amended complaint will be dismissed for failure to state a claim upon which relief may be granted. Under the circumstances, the Court is confident that service of process is not only unwarranted but would waste the increasingly scarce judicial resources that §1915 is designed to preserve.

## V. LEAVE TO AMEND

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). The Court concludes that granting Velasquez leave to file a second amended complaint would be futile as any civil rights claim is simply not cognizable at the present time.

## VI. CONCLUSION

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

The Court will enter an appropriate Order.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 15, 2021**
21-1659-01